# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: LORANG, NICOLE M | § Case No. 12-03695 |
| | § |
| | § |
| Debtor(s) | § |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under Chapter 7 of the United States Bankruptcy Code was filed on February 02, 2012. The undersigned trustee was appointed on *bad date*.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4. The trustee realized the gross receipts of       $       6,416.00

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Payments made under an interim distribution | 0.00 |
   | Administrative expenses | 0.00 |
   | Bank service fees | 125.00 |
   | Other payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Exemptions paid to the debtor | 0.00 |
   | Other payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1]     $ | 6,291.00 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6. The deadline for filing non-governmental claims in this case was 08/07/2012 and the deadline for filing governmental claims was 07/31/2012. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,391.60. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $1,391.60, for a total compensation of $1,391.60.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $0.00, for total expenses of $0.00.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/24/2012         By: /s/Ira Bodenstein
                              Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

**Case Number:** 12-03695
**Case Name:** LORANG, NICOLE M
**Period Ending:** 10/24/12

**Trustee:** (330129) Ira Bodenstein
**Filed (f) or Converted (c):** 02/02/12 (f)
**§341(a) Meeting Date:** 03/23/12
**Claims Bar Date:** 08/07/12

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 2449 Charleston Dr Unit 7, Schaumburg, IL 60193, | 122,800.00 | 0.00 | DA | 0.00 | FA |
| 2 | Checking: Chase | 300.00 | 0.00 | DA | 0.00 | FA |
| 3 | Savings: Chase | 4,524.00 | 824.00 | DA | 0.00 | FA |
| 4 | Tv's, Washer, Dryer, Stove, Refrigerator, Beds, | 1,500.00 | 1,500.00 | DA | 0.00 | FA |
| 5 | Clothes | 100.00 | 0.00 | DA | 0.00 | FA |
| 6 | IRA | 5,221.18 | 0.00 | DA | 0.00 | FA |
| 7 | 401K | 22,000.00 | 0.00 | DA | 0.00 | FA |
| 8 | Honda Odyssey 84,500 Miles | 9,172.00 | 0.00 | DA | 0.00 | FA |
| 9 | Computer, Printer | 100.00 | 100.00 | DA | 0.00 | FA |
| 10 | 2011 Federal Tax Refund (u) | Unknown | 0.00 | | 0.00 | FA |
| 10 | Assets    Totals (Excluding unknown values) | $165,717.18 | $2,424.00 | | $0.00 | $0.00 |

**Major Activities Affecting Case Closing:**

**Initial Projected Date Of Final Report (TFR):** December 31, 2012    **Current Projected Date Of Final Report (TFR):** December 31, 2012

Exhibit B

# Form 2

Page: 1

## Cash Receipts And Disbursements Record

| Case Number: | 12-03695 | | Trustee: | Ira Bodenstein (330129) |
|---|---|---|---|---|
| Case Name: | LORANG, NICOLE M | | Bank Name: | The Bank of New York Mellon |
| | | | Account: | 9200-******44-66 - Checking Account |
| Taxpayer ID #: | **-***9092 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 10/24/12 | | Separate Bond: | N/A |

| 1<br>Trans.<br>Date | 2<br>{Ref #} /<br>Check # | 3<br>Paid To / Received From | 4<br>Description of Transaction | T-Code | 5<br>Receipts<br>$ | 6<br>Disbursements<br>$ | 7<br>Checking<br>Account Balance |
|---|---|---|---|---|---|---|---|
| 05/29/12 | | Nicole Lorang | Federal income tax refund | 1224-000 | 6,416.00 | | 6,416.00 |
| 05/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 6,391.00 |
| 06/29/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 6,366.00 |
| 07/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 6,341.00 |
| 08/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 6,316.00 |
| 09/28/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | 25.00 | 6,291.00 |
| | | | ACCOUNT TOTALS | | 6,416.00 | 125.00 | $6,291.00 |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | Subtotal | | 6,416.00 | 125.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $6,416.00 | $125.00 | |

| TOTAL - ALL ACCOUNTS | Net<br>Receipts | Net<br>Disbursements | Account<br>Balances |
|---|---|---|---|
| Checking # 9200-******44-66 | 6,416.00 | 125.00 | 6,291.00 |
| | $6,416.00 | $125.00 | $6,291.00 |

{} Asset reference(s)    Printed: 10/24/2012 06:29 PM    V.13.04

Printed: 10/24/12 06:24 PM

# Trustee's Compensation

**Debtor:** LORANG, NICOLE M

**Case:** 12-03695

| Computation of Compensation | | | |
|---|---|---|---|
| Total disbursements to other than the debtor are: | | | 6,416.00 |
| Pursuant to 11 U.S.C. 326, compensation is computed as follows: | | | |
| 25% of First $5,000 | 5,000.00 | = | 1,250.00 |
| 10% of Next $45,000 | 1,416.00 | = | 141.60 |
| 5% of Next $950,000 | 0.00 | = | 0.00 |
| 3% of Balance | 0.00 | = | 0.00 |
| | **Calculated Total Compensation:** | | **$1,391.60** |
| | Plus Adjustment: | | 0.00 |
| | **Total Compensation:** | | **$1,391.60** |
| | Less Previously Paid: | | 0.00 |
| | **Total Compensation Requested:** | | **$1,391.60** |

| Trustee Expenses | | |
|---|---|---|
| Premium on Trustee's Bond | | 0.00 |
| Travel | 0.0 miles at 0.0 cents per mile | 0.00 |
| Copies | 0 copies at 0.0 cents per copy | 0.00 |
| Postage | | 0.00 |
| Telephone Charges | | 0.00 |
| Clerical / Secretarial | 0.00 hours at 0.00 dollars per hour | 0.00 |
| Paralegal Assistance | 0.00 hours at 0.00 dollars per hour | 0.00 |
| Supplies / Stationery | | 0.00 |
| Distribution Expenses | | 0.00 |
| Professional Expenses | | 0.00 |
| Other Expenses | | 0.00 |
| Other Expenses 2 | | 0.00 |
| | **Subtotal Expenses:** | **$0.00** |
| | Plus Adjustment: | 0.00 |
| | **Total Expenses:** | **$0.00** |
| | Less Previously Paid: | 0.00 |
| | **Total Expenses Requested:** | **$0.00** |

The undersigned Trustee certifies under penalty of perjury that the foregoing is true and correct to the best of his/her knowledge and requests the United States Trustee to approve this report and accounts and requests the Court to provide for notice and opportunity for a hearing under 11 U.S.C. 330(a), 502(b), and 503(b) and to thereafter award final compensation or reimbursement of expenses and to make final allowance for the purposes of distribution to claims, administrative expenses, and other payments stated in this report and account.

WHEREFORE, the Trustee requests that this application be approved by this Court and that the Trustee be granted an allowance of $1,391.60 as compensation and $0.00 for reimbursement of expenses. The Trustee further states that no payments have been made or promised to him/her for services rendered or to be rendered in any capacity in this case. No agreement or understanding exists between applicant and any other person for sharing compensation received or to be received.

Dated: 10/24/12        Signed: /s/ Ira Bodenstein

Ira Bodenstein
321 N. Clark St., Ste. 800

Chicago, IL 60654

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-03695
Case Name: LORANG, NICOLE M
Trustee Name: Ira Bodenstein

**Balance on hand:** $ 6,291.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors: $ 0.00
Remaining balance: $ 6,291.00

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Ira Bodenstein | 1,391.60 | 0.00 | 1,391.60 |

Total to be paid for chapter 7 administration expenses: $ 1,391.60
Remaining balance: $ 4,899.40

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses: $ 0.00
Remaining balance: $ 4,899.40

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims: $ 0.00
Remaining balance: $ 4,899.40

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (05/1/2011)**

Timely claims of general (unsecured) creditors totaling $ 53,032.63 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 9.2 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | US Departnment of Education | 53,032.63 | 0.00 | 4,899.40 |

Total to be paid for timely general unsecured claims: $ 4,899.40
Remaining balance: $ 0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $ 0.00
Remaining balance: $ 0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for subordinated claims: $ 0.00
Remaining balance: $ 0.00

UST Form 101-7-TFR (05/1/2011)